**PACIFIC WEST CABLE COMPANY, Plaintiff-Appellant,**

v.

**CITY OF SACRAMENTO, CALIFORNIA and County of Sacramento, California, Defendants-Appellees.**

No. 85–2143.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1986.

Decided Aug. 20, 1986.

Harold Farrow, Farrow, Schildhause, & Wilson, Oakland, Cal., Steven H. Kuh, Farrow, Schildhause & Rains, Washington, D.C., for plaintiff-appellant.

Michael A. Small, Preston, Thorgrimson, Ellis, & Holman, Seattle, Wash., for defendants-appellees.

Before SCHROEDER, CANBY and BOOCHEVER, Circuit Judges.

CANBY, Circuit Judge:

Pacific West Cable Company ("Pacific West") appeals the district court's denial of its motion for a preliminary injunction against the City of Sacramento, California and the County of Sacramento, California ("Sacramento"). Pacific West sought to enjoin Sacramento from denying Pacific West the opportunity to build and operate a cable television system within the Sacramento metropolitan area. We conclude that the district court did not abuse its discretion in denying Pacific West the preliminary injunction that it requested, and we affirm.

**FACTS**

In November 1981, pursuant to Cal.Gov. Code § 53066 (West Supp.1984), the Sacramento City Council and County Board of Supervisors enacted the Cable Television Ordinance, Sacramento City Code ch. 20 §§ 5.50.10–5.50.864 ("the Ordinance"). The

Ordinance established the exclusive procedure for awarding cable television franchises for the Sacramento metropolitan area. The possession of a franchise is a requirement for access to Sacramento's public utility poles and underground conduits.

In July 1983, the Sacramento Metropolitan Cable Television Commission issued a Request for Proposals for a single, nonexclusive cable television franchise. The Ordinance and the Request for Proposals required applicants to submit information about their proposed programming and financial resources. In September, Pacific West responded to the Request for Proposals in a five-page letter in which it requested all necessary licenses to operate and construct a cable television system in the Sacramento metropolitan area. Although Pacific West expressed its willingness to comply with all of Sacramento's lawful police power regulations, it refused to tender the $45,000 nonrefundable filing fee and provided only minimal information about its identity, financial resources, and proposed programming. Sacramento did not formally reply to Pacific West's letter.

Four other firms also responded to the Request for Proposals. Each submitted voluminous information about itself and its proposed system. In November 1983, after a detailed evaluation of the proposals and two public hearings, Sacramento awarded a nonexclusive franchise to Cablevision of Sacramento (now Sacramento Cable Television ("Sacramento Cable")).

Shortly before Sacramento's franchise award to Sacramento Cable, Pacific West brought this action. Pacific West alleged that Sacramento's refusal to issue it a franchise violated the First and Fourteenth Amendments to the United States Constitution, sections 1 and 2 of the Sherman Act, and the California Constitution, art. I, § 2.[1] Pacific West next moved for a preliminary injunction that would allow it to lay its cables along with the cables then being laid by Sacramento Cable. The denial of this motion was affirmed by this court on the ground that Pacific West had failed to show irreparable harm. *Pacific West Cable Co. v. City of Sacramento*, 762 F.2d 1018 (9th Cir.1985) (mem.).

On March 20, 1985, Pacific West moved for a second preliminary injunction to enjoin Sacramento from denying it the opportunity to build and operate a cable television franchise. The district court denied Pacific West's motion on the grounds that Pacific West had failed to show either (1) a likelihood that it would prevail on the critical issue of the physical capacity of Sacramento's public utility facilities, or (2) potential injury to its right of free speech outweighing the injury that Sacramento would suffer if a preliminary injunction were issued. Pacific West now appeals.

## DISCUSSION

■ The decision to issue or deny a preliminary injunction is within the discretion of the district court, *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir.1985), and must be affirmed so long as that discretion is not abused. A district court abuses its discretion if it employs erroneous legal standards in issuing or denying the injunction, *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir.1980) or bases its decision upon erroneous legal premises, *id.*, or clearly erroneous findings of fact. *Oakland Tribune, Inc.*, 762 F.2d at 1376.

■ We conclude that the district court did not abuse its discretion in denying Pacific West's motion for a preliminary injunction. Pacific West requested that Sacramento be enjoined

> from interpreting [its] licensing power in such a fashion as to deny plaintiff the right to build and operate a cable television system within [its] boundaries where plaintiff is willing to and does comply with all proper police regulations applicable to its activities.

We construe this request in the light of the irreparable harm that Pacific West alleges:

---

1. PWC advances only its First Amendment claim on this appeal.

the irreparable harm that flows from even the temporary loss of free speech. *See Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2689–90, 49 L.Ed.2d 547 (1976). Yet, to satisfy Pacific West's request would have required the district court to authorize Pacific West to string its cables on Sacramento's utility poles and to lay its cables in utility conduits under Sacramento's streets without regard to the number of others who might seek similar relief or to the ultimate capacity of the poles or conduits. Regardless of the merits of Pacific West's attack on the constitutionality of Sacramento's franchising procedures, Pacific West has no such right to unrestricted access to Sacramento's utility facilities.

While Pacific West's proposed cable broadcasting activities undoubtedly implicate First Amendment interests, *see City of Los Angeles v. Preferred Communications, Inc.,* — U.S. —, —, 106 S.Ct. 2034, 2037–38, 90 L.Ed.2d 480 (1986), such interests are not absolute. *See id.* At the very least, Sacramento may regulate the noncommunicative aspects of cable broadcasting through reasonable time, place and manner restrictions. *See Metromedia Inc. v. City of San Diego,* 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981); *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968). Such restrictions might take many forms— from general public nuisance ordinances to cable franchise licensing requirements. We need not now determine which of these forms meets the requirements of the first amendment, nor could we do so in the abstract. What is clear is that the district court could not grant the open-ended preliminary injunction that Pacific West requests without infringing the legitimate power of Sacramento to prevent disruption of the public domain. Nothing in our earlier decision in *Preferred Communications, Inc. v. City of Los Angeles,* 754 F.2d 1396 (9th Cir.1984), *aff'd,* — U.S. —, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986), requires that a municipality open its doors to all cable-television comers, regardless of size,

shape, quality, qualifications or threat to the ultimate capacity of the system.

Finally, we emphasize that by affirming the district court's denial of a preliminary injunction, we express no opinion on the ultimate merits of Pacific West's challenge to Sacramento's franchising procedures. Pacific West may be able to establish a first amendment right to a better and freer system of access to Sacramento's utility facilities. If so, it will be the responsibility of the district court to fashion an appropriate and just remedy. But Pacific West is not entitled, at the preliminary injunction stage of this litigation, to be decreed free from the requirements of any system at all for the allocation of Sacramento's utility resources. The district court did not abuse its discretion.

AFFIRMED.