8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PREFERRED COMMUNICATIONS, INC.; Clinton Galloway; Carl
Galloway; Perry Jr. Parks, Plaintiffs-Appellants,
v.
Susan HERMAN; Edward J. Perez; City of Los Angeles,
Defendants-Appellees.
 No. 92-56109.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided Aug. 30, 1993.
 
 Before KOZINSKI, SILER** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 We review the district court's summary judgment in favor of defendants Herman, Perez and the City of Los Angeles de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987); see also Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993) (qualified immunity).
 
 A. Claims Against the Individual Defendants
 
 3
 1. Herman and Perez, sued in their capacities as city employees, enjoy qualified immunity under 42 U.S.C. § 1983 "insofar as their conduct [did] not violate clearly established ... rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Hemphill v. Kincheloe, 987 F.2d 589, 591-92 (9th Cir.1993).
 
 
 4
 Preferred claims the law regarding the application of the First Amendment to municipal cable television regulation was clearly established in Preferred Communications, Inc. v. City of Los Angeles, 754 F.2d 1396 (9th Cir.1985), aff'd, 476 U.S. 488 (1986) ("Preferred I "), and therefore the individual defendants should have known the City's scheme violated the First Amendment. Preferred I, however, left open the possibility that there could be cable regulations that are consistent with the First Amendment, "express[ing] no opinion as to whether the City may impose its access and coverage requirements" by means other than the one operator/one area policy. 754 F.2d at 1406 n. 9; see also 476 U.S. at 493 n. 2; accord Pacific West Cable Co. v. City of Sacramento, 798 F.2d 353, 355 (9th Cir.1986) ("Nothing in our earlier decision in [Preferred I ] requires that a municipality open its doors to all cable-television comers, regardless of size, shape, quality, qualifications or threat to the ultimate capacity of the system.").
 
 
 5
 This case resembles Walnut Properties, Inc. v. City of Whittier, 861 F.2d 1102 (9th Cir.1988). There, the city, its attorney and its planning director promoted the reenactment of an ordinance that had been previously found unconstitutional. Even though the ordinance was virtually identical to the previous one, we held that "the law did not clearly establish that the second ordinance was unconstitutional at the time it was enacted." Id. at 1113. The franchising scheme at issue here differed from the one invalidated in Preferred I because it no longer contained the unconstitutional one operator/one area policy. Therefore, the scheme's repugnance to the First Amendment was not "clearly established." Herman and Perez are entitled to qualified immunity.
 
 
 6
 2. The district court properly granted summary judgment for Herman and Perez on the state law claims as well. California Government Code section 820.2 provides immunity for a public official's discretionary acts. The decision to award or not to award municipal contracts or franchises falls within section 820.2 immunity. See, e.g., Pacific Architects Collaborative v. California, 100 Cal.App.3d 110, 121-22 (1979); Widdows v. Koch, 263 Cal.App.2d 228, 237-38 (1968). Herman and Perez were entitled to decide whether or not to award a cable franchise based on any "consideration that will safeguard the local public interest...." Cal.Gov't Code § 53066(b). This is a classic exercise of discretion for which Herman and Perez are entitled to immunity under California law.
 
 
 7
 Preferred argues that Perez and Herman do not enjoy immunity because only the City Council exercises discretion in issuing a franchise license. But unlike California Government Code section 821.2, which immunizes public employees who are "authorized by enactment" to issue a license, section 820.2 requires only that discretion be "vested" in the officials claiming immunity. It's true that the City Council and Mayor have the ultimate authority to issue franchises; but Perez, as the attorney responsible for the City's cable television litigation, and Herman, as the general manager of the agency regulating cable, are vested with authority by the City to operate the licensing scheme and issue the licenses. In fact, their authority to act on the City's behalf is the very reason Preferred sued them. See Complaint, ER 2-4.
 
 B. Claims Against the City
 
 8
 Res judicata precludes a second suit based on the same transactional nucleus of facts as the earlier action. Lawlor v. National Screen Serv. Corp., 349 U.S. 322 (1955). Although Preferred's complaint was filed after the decision in Preferred I, and although it alleges particular actions which occurred after that decision, the essence of its allegations against the City is the same as in Preferred I. The complaint in Preferred I alleged that the City acted "in furtherance of a past and continuing conspiracy ... with the specific intent of depriving plaintiff of its First and Fourteenth Amendment right to express itself." Preferred I Complaint, CR 62, exh. 1 (emphasis added). Essentially the same words were used in the complaint in this case. Complaint, ER 13. Because the claims against the City are based on the same allegations as the claims in Preferred I, and arise from the same transactional nucleus of facts, the district court correctly concluded that the section 1983 claim is barred by res judicata. Jackson v. Hayakawa, 605 F.2d 1121 (9th Cir.1979).[1]
 
 
 9
 The district court entered summary judgment for the City on the state law claims on immunity grounds, but we may affirm on any grounds fairly presented in the record. New Kids on the Block v. News Am. Publishing, Inc., 971 F.2d 302, 305 (9th Cir.1992). The same res judicata principles that bar Preferred's federal claim also bar its state law claim. Preferred recycles its Preferred I claim of violation of freedom of expression, see Complaint, ER 14, a claim which allegedly "derive[d] from a common nucleus of operative facts" with the federal claim. Preferred I Complaint, CR 62, exh. 1. The Preferred I complaint referred to "[d]efendants' actions as hereinbefore alleged," CR 62, exh. 1, and the complaint below refers to "[t]he actions of defendants as alleged above" to support its claims. Complaint, ER 14. As noted, the federal claims were based on identical allegations. Because the state claim against the City in this case is identical to the one in Preferred I, it too is barred by res judicata.
 
 
 10
 The district court's orders granting summary judgment are AFFIRMED. Defendants seek attorneys' fees and costs; because we find that the appeal was not frivolous, we won't award them. Fed.R.App.P. 38.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the nominal parties in this action are somewhat different than in Preferred I, the differences are not material. Res judicata extends to a non-party "if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Jackson, 605 F.2d at 1126 n. 9, quoting Aerojet-General Corp. v. Askew, 511 F.2d 710, 719 (5th Cir.1975) (internal quotation marks omitted). The district court found that plaintiffs Clinton Galloway, Carl Galloway and Perry Parks, Jr., were the real parties in interest in Preferred I. ER at 150. They are thus bound by the earlier decision. See United States v. Geophysical Corp., 732 F.2d 693, 697 (9th Cir.1984) (partnership and its partners bound by decision in prior action brought by one partner). The City was, of course, a defendant in both actions